UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: ) | | |
| HERMAN J. JOHNSTON ) | Case No. 05-40686 | |
| Debtor ) | Chapter 7 | |
| _____) | | |
| ) | | |
| INDEPENDENCE BANK ) | A.P. No. 05-4101 | |
| Plaintiff ) | | |
| v. ) | | |
| HERMAN J. JOHNSTON ) | | |
| Defendant ) | | |

**MEMORANDUM**

This matter comes before the Court on the Motion to Reconsider and Amend Order Dismissing Adversary Proceeding, as Settled, and Make Findings of Fact filed by the Chapter 7 Trustee and the Motion to Reconsider and Amend Agreed Order Dismissing Settled, and to Make Specific Findings of Fact filed by First Tennessee Bank National Association ("First Tennessee"). Independence Bank objected to both motions. Even though Fed. R. Bank. P. 7052 does not require this Court to make findings of fact and conclusions of law on motions, the Court will grant First Tennessee and the Trustee's request to a limited extent.

On April 4, 2005, Herman J. Johnston ("Defendant" or "Debtor") filed a Chapter 7 petition in the United States Bankruptcy Court for the Western District of Kentucky. On September 29, 2005, the Chapter 7 Trustee initiated an adversary proceeding against the Debtor seeking to deny his discharge under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(3), (a)(4), (a)(5), and (a)(7) (A.P. 05-4100). On September 30, 2005, Independence Bank initiated its own action against the Debtor seeking to except its debt from discharge under 11 U.S.C. § 523(a)(2)(A) and (a)(2)(B) and to deny the Debtor's discharge under § 727(a)(2), (a)(3), (a)(4), (a)(5), and (a)(7) (A.P. No. 05-4101). First Tennessee filed its own action against the Debtor on September 30, 2005 (A.P. No. 05-4102). In

its action, First Tennessee sought to have its debt declared nondischargeable under § 523(a)(2), (a)(4), and (a)(6) and to deny the Debtor's discharge under § 727(a)(2), (a)(3), (a)(4), (a)(5), and (a)(7).  Lastly, Planter's Bank Inc. filed an action against the Debtor on September 30, 2005, only seeking to have its debt excepted from discharge under § 523(a)(2)(A), (a)(4), and (a)(6) (A.P. 05-4103).

On July 24, 2006, the Trustee filed a Joint Application to Approve Settlement of Adversary Proceeding and Contested Matters.  In the settlement, the Trustee proposed the estate recovering $126,600.00 in exchange for the withdrawal of her objection to the Debtor's claim of exemptions and waiving claims against several parties connected to the Debtor, including a girlfriend and his father.  The settlement also proposed to settle not only the Trustee's § 727 action, but the § 727 actions filed First Tennessee and Independence Bank as well.  The settlement would not affect the § 523 actions filed by any of the parties.  Both First Tennessee and Planter's Bank objected to the proposed settlement.  At the hearing on the Joint Application, the parties disclosed to the Court that the Debtor's father would be the source for these payments.  Prior to any ruling by the Court, on October 6, 2006, the Trustee withdrew her Joint Application to Approve Settlement of Adversary Proceeding and Contested Matters.

On December 19, 2006, Independence Bank and the Debtor filed a Joint Motion to Approve Settlement of Adversary Proceeding. The settlement called for the Debtor to pay, or cause to be paid to Independence Bank the sum of $20,000.00, the Debtor would execute a promissory note payable to Bank in the principal amount of $270,000.00, with interest thereon at the rate of 5% per annum payable in 59 equal, consecutive, monthly installments of $3,500.00 each, and five equal, consecutive, annual installments of $10,000.00.  This debt would be nondischargeable pursuant to

§ 523. The Bank would also keep its claim in the main bankruptcy case and retain its pro rata share of any distributions out of the bankruptcy estate. In exchange, Independence Bank would dismiss its §§ 523 and 727 action and would not oppose any settlement between the Debtor and the Trustee in her action, A.P. No. 05-4100. In the Joint Motion, Independence Bank represented the cost of continuing the litigation and the likelihood of collecting any judgment weighed in favor of settling the matter at this juncture. Both the Trustee and First Tennessee objected to the proposed settlement.

At the hearing on the Joint Motion, the Court, in a colloquy with counsel, opined that in all likelihood the Debtor's father would be funding this settlement, as in the previous proposed settlement. This was not a finding per se, but merely an observation. At the conclusion of that hearing, the Court approved the settlement and entered an order to that effect on March 15, 2007. Both the Trustee and First Tennessee now move for reconsideration and for the Court to make findings of fact. They make several of the same arguments raised in their original objections, including a public policy argument, a fiduciary duty argument, and a "head start" argument. Finally, they take issue with the Court's comments concerning the Debtor's father being the source of the funds for this settlement.

The Court will first address the concerns the Trustee and First Tennessee share with regard to the Court's comments concerning the Debtor's father. The Court did not make a finding that the Debtor's father would be funding the settlement, only that it was likely being funded by the Debtor's father. The Court based this conclusion on the circumstances surrounding the motion to compromise filed by the Trustee in her action against the Debtor, as well as an understanding of the Debtor's assets, as evidenced in his sworn schedules. Any attempt to construe the Court's observation as a

finding is simply a mischaracterization of the Court's comments.

Turning to the substantive matters, it appears to the Court that the objections by First Tennessee and the Trustee boil down to two questions: (1) whether a bankruptcy court may approve any § 727 settlement, and (2) if so, whether this particular settlement between Independence Bank and the Debtor should be approved.

With respect to the first issue, the Court will start its analysis with an examination of the relevant statutes and rules of procedure. Neither § 727, Fed. R. Bank. P. 4004, 7041, nor 9019 expressly prohibit the settlement of § 727 actions. While there certainly is case precedent prohibiting § 727 settlements, there is also case precedent allowing same. This Court adopts the approach employed by Judge Joan Lloyd of this District in the case of In re Sheffer, 350 B.R. 402, 406 (Bankr. W.D. Ky. 2006), as the better reasoned approach. In Sheffer, Judge Lloyd rejected a *per se* rule banning § 727 settlements as unduly restrictive. Judge Lloyd found the fundamental principle in favor of settlement should not be hindered simply due to the fact that the action being settled qualifies as a § 727 action.

In addition to the rationales expressed by Judge Lloyd, this Court finds that having a blanket prohibition on § 727 settlements could produce negative consequences, such as chilling other creditors from pursuing § 727 actions. Disallowing § 727 settlements of any kind and forcing creditors to expend potentially large sums of money to prosecute § 727 actions to judgment would often be cost prohibitive and unduly discourage creditors from initiating § 727 actions. Consequently, the court would be deprived of a valuable resource in safeguarding the integrity of the bankruptcy process. To avoid this scenario, this Court finds, as with the majority of other courts, that § 727 settlements may be approved. Accord, Wolinsky v. Maynard) (In re Maynard), 269 B.R.

535 (D. Vt. 2001) (settlement of § 727(a) proceeding is within discretion of the court), rev'g, Wolinsky v. Maynard (In re Maynard), 258 B.R. 91 (Bankr. D. Vt. 2001); Lindauer v. Traxler (In re Traxler), 277 B.R. 699 (Bankr. E.D. Tex. 2002) (same); Hass v. Hass (In re Hass), 273 B.R. 45 (Bankr. S.D.N.Y. 2002) (same); In re Bates, 211 B.R. 338 (Bankr. D. Minn. 1997) (rejecting per se rule barring settlement of § 727(a) actions).

In addition to the Sheffer case, this Court finds the case of In re Margolin, 135 B.R. 671 (Bankr. D. Colo. 1992) particularly compelling. In that case, Judge Brumbaugh found that when weighing the public policy in favor of settlements and the policies behind § 727, settlements may be allowed if (1) notice and full disclosure are provided; and (2) other parties and /or the trustee are allowed to intervene or be substituted for the original complaining creditor. This approach would safeguard the integrity of the process while still acknowledging the practicalities involved with settlements. In the case before this Court, Independence Bank and the Debtor provided notice and full disclosure. Furthermore, with the pendency of the other two § 727 actions, there is no need to allow either of the objecting parties to intervene or substitute in this proceeding. This Court thus joins the majority of other courts to hold that § 727 actions may be settled and First Tennessee and the Trustee's arguments with respect to public policy, fiduciary status, and "head start" fail to persuade this Court to bar § 727 settlements.[1]

Having found that § 727 actions may be settled, the Court turns to the second issue, whether it should approve this settlement. As Judge Lloyd set forth in the Sheffer case, settlements of § 727 actions should be analyzed under the fair and equitable standard. To determine if a proposed settlement is fair and equitable, the court must consider 1) the probability of success of the litigation;

---

[1] The Court finds the Trustee's argument prohibiting any § 727 settlements as against public policy particularly confusing in light of her previous attempt to settle her own § 727 action.

2) collectability; 3) complexity, expense, inconvenience, and delay attendant to continued litigation; and 4) the interest of the creditors.  In this case, the Court must also evaluate the factors in the context that there are two other pending § 727 actions and that unwilling plaintiffs should not be compelled to continue litigating.  This context cannot be overstated.  Considering the factors in this context, the Court finds that, taken as a whole, they weigh in favor of approval of the proposed settlement.

To summarize, with proper notice and disclosure, § 727 actions may be settled.  Furthermore, to be approved, any § 727 settlement must be fair and equitable.  Because the settlement between Independence Bank and the Debtor satisfies these criteria, the motions to reconsider must be overruled.  The Court has entered an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: ) | | |
| HERMAN J. JOHNSTON ) | Case No. 05-40686 | |
| Debtor ) | Chapter 7 | |
| _____) | | |
| ) | | |
| INDEPENDENCE BANK ) | A.P. No. 05-4101 | |
| Plaintiff ) | | |
| v. ) | | |
| HERMAN J. JOHNSTON ) | | |
| Defendant ) | | |

**ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

It is hereby **ORDERED** the Motion to Reconsider and Amend Order Dismissing Adversary Proceeding, as Settled, and Make Findings of Fact filed by the Chapter 7 Trustee and the Motion to Reconsider and Amend Agreed Order Dismissing Settled, and to Make Specific Findings of Fact filed by First Tennessee Bank National Association are **OVERRULED**.